UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANEE M. GENOW,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.
_____/

Civil Action No. 16-12173
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 15]

Plaintiff Ranee Genow appeals a final decision of defendant Commissioner of Social Security denying her applications for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Court **RECOMMENDS** that:

- Genow's motion [ECF No. 13] be **GRANTED IN PART AND DENIED IN PART**;

- the Commissioner's motion [ECF No. 16] be **DENIED**; and

- this matter be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Genow's Background and Claimed Disabilities

Born January 20, 1981, Genow was 32 years old when she submitted her applications for disability benefits on May 28, 2013. [ECF No. 11-3, Tr. 169]. She has some high-school education, and past relevant work as a cashier, supervisor cashier, food deliverer, laborer, and piece worker. [ECF No. 11-2, Tr. 54; ECF No. 11-6, Tr. 301]. Genow alleged that she is disabled due to kystosis, scoliosis, curvature spine, and cap replacement, with an onset date of February 15, 2013. [ECF No. 11-3, Tr. 183]. For DIB purposes, her date late insured was December 31, 2014. [*Id.*].

After a hearing on February 23, 2015, during which Genow and a vocational expert (VE) testified, the ALJ found that Genow was not disabled. [ECF No. 11-2, Tr. 43-60]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-7]. Genow timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

DIB is available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is

3

reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Genow was not disabled. At step one, she found that Genow had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 11-2, Tr. 48]. At step two, she found that Genow had the severe impairments of "spine disorders, affective disorders, major dysfunction of a joint, and obesity." [*Id.*]. At step three, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 49]. Between the third and fourth steps, the ALJ found that Genow had the RFC to perform sedentary work except that:

> [S]he requires the ability to alternate between sitting and standing approximately every thirty minutes; she cannot climb ladders, ropes, or scaffolds or crawl; she can occasionally stoop and crouch and rarely kneel (rarely being defined as 20 percent of the time); she must avoid all exposure to extreme cold, extreme heat, extreme humidity, and excessive vibration; she cannot work at unprotected heights or with hazardous machinery; and, she is limited to simple, routine, repetitive tasks.

[*Id.*, Tr. 50]. At step four, the ALJ found that Genow could not perform any past relevant work. [Id., Tr. 54]. With the assistance of VE testimony, the ALJ determined at step five that Genow could perform occupations such as assembly positions at bench or table, inspection positions at a bench or

4

table, and packaging positions, and that those jobs existed in significant numbers in the economy, rendering a finding that he was not disabled. [*Id.*, Tr. 55].

## II. STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Genow argues that the ALJ's failure to properly consider her supervisor's opinion constitutes reversible error. The Court agrees, but rejects her claim that she is entitled to an immediate award of benefits.

5

## III. ANALYSIS

### A.

At issue is whether the ALJ properly considered the opinion of Genow's trainee support leader and floor supervisor, Debbie O'Neal, at Do-All, a sheltered workshop where Genow worked for about two years prior to the hearing before the ALJ. [ECF No. 11-2, Tr. 76; ECF No. 11-6, Tr. 368-69]. In November 2014, O'Neal completed a Work Activity Questionnaire stating that Genow had worked at Do-All since February 2013; did not complete all the usual duties required for her position; was not able to complete all of the job duties without special assistance; did not regularly report for work as scheduled; and that on average, did not complete her work in the same amount of time as employees in similar positions. [ECF No. 11-6, Tr. 368]. O'Neal indicated that Genow received special assistance on the job, including fewer or easier duties, irregular hours, less hours, more breaks/rest periods, frequent absences, lower production standards, lower quality standards, and special equipment. [*Id.*, Tr. 368]. O'Neal rated Genow's productivity to be at 60% compared to other employees in similar positions and similar pay rates, and noted that she was not paying Genow as much as other employees in similar positions. [*Id.*, Tr. 369]. The ALJ did not mention O'Neal's opinion in her decision.

[ECF No. 11-2, Tr. 46-55]. The Court agrees with Genow that this constitutes reversible error.

Social Security Ruling (SSR) 06-03p deems non-medical professionals who have contact with the claimant are "valuable sources of evidence for assessing impairment severity and functioning." SSR 06-03p, 2006 WL 2329939, at *2. Opinions from those sources should be evaluated "using 'the applicable factors' consisting of the length and frequency of the professional relationship as well as the source opinion's consistency with other evidence, relevance, credibility, expertise in the claimant's impairment and any other pertinent factors." *Lohr v. Comm'r of Soc. Sec.*, 559 F. Supp. 2d 784, 792 (E.D. Mich. 2008) (citing Rule 06-03p, 2006 WL 2329939 at *4-5). Rule 06-03p emphasizes that "the case record should reflect consideration of opinions" from non-medical sources, and ALJs generally "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Rule 06-03p, 2006 WL 2329939 at *6.

The court in *Lohr* found that the ALJ had committed reversible error by not mentioning the opinions of the plaintiff's supervisors at his sheltered

7

work; it was reversible error despite the fact that the ALJ's decision was otherwise supported by substantial evidence and despite the Commissioner's argument that the ALJ had alluded to the opinions in his decision. 559 F.Supp.2d at 791-94. The error was not harmless because Rule 06-03p plainly indicated that the failure to consider, much less mention, the supervisor's opinions constituted reversible error. *Id.* at 793.

The Commissioner argues that although the ALJ did not explicitly discuss O'Neal's opinion, the ALJ did acknowledge that Genow was employed as a piece worker in a sheltered workshop that allowed her to take breaks when she had back pain, resulting in usually about four to five breaks a day. [ECF No. 15, PageID 717-18, citing ECF No. 11-2, Tr. 51 (second and third paragraphs)]. But the issue is whether the ALJ considered O'Neal's *opinion*, and the ALJ neither referenced, cited nor implicitly considered O'Neal's opinion that Genow was incapable of completing her sheltered job duties without special assistance. [ECF No. 11-2, Tr. 51; ECF No. 11-6, Tr. 368]. O'Neal's opinion is labeled Exhibit No. B13E in the transcript, and the ALJ does not cite to that exhibit in the portions of her decision that the Commissioner cites. [*Id.*]. And even in asserting the argument the ALJ considered that Genow performed sheltered work in which she was permitted to take breaks, the

Commissioner cites to Genow's hearing testimony as being the source of the ALJ's descriptions of her work. [ECF No. 15, PageID 718]. There is no basis for a finding that the ALJ considered O'Neal's opinion.

The Commissioner cites *Kornecky v. Comm'r of Social Security*, 167 F. App'x 496, 505-08 (6th Cir. 2006), as holding that an ALJ's failure to articulate his reasons for rejecting the opinion of an examining doctor was harmless error. The court found that the ALJ had "merely failed to explain why he favored several examining physicians' opinions over another's." *Id*. at 507. "While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion," an ALJ need not address every piece of evidence in the record "'so long as his factual findings as a whole show that he implicitly resolved such conflicts.'" *Id*. at 507-08 (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999)). *Kornecky* is inapposite. The ALJ here did not weigh conflicting opinions regarding Genow's ability to work and implicitly reject O'Neal's; the only opinion evidence that the ALJ identified was from a mental health counselor and a third-party function report from Genow's cousin. [ECF No. 11-2, Tr. 54].

The Commissioner further cites *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988); *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th

9

Cir. 2005); *Melvin v. Sec'y of Health & Human Servs.*, 762 F.2d 1009 (6th Cir. 1985), *3; and *Estep v. Comm'r of Soc. Sec.*, 2016 WL 1242360, *6 (E.D. Mich. Mar. 30, 2016) (*citing Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842), for the proposition that the failure to mention the statement or opinion of a lay person is not a basis for remand. However, in those cases, the opinions omitted were from the claimant's spouse or parents, and thus not given in a professional capacity, rendering *Lohr* more analogous. *See Finkbeiner v. Comm'r of Soc. Sec.*, No. 13-13906, 2015 WL 668058, at *10 (E.D. Mich. Feb. 17, 2015) (letter from father was distinguishable from letters from supervisors who had seen claimant in professional capacity in *Lohr*). And despite the Commissioner's reference to *Estep,* the court in that case emphasized that "it will rarely be enough for the commissioner to silently 'consider' . . . how much weight to give to an 'other source' who has seen the claimant in the source's professional capacity." 2016 WL 1242360, at *3.

According to the Commissioner, even if the Court rejected the application of the opinions it cites, remand would still be unwarranted because Genow does not show that O'Neal's opinion demonstrates that she cannot perform the work within the RFC assessed by the ALJ. This argument is without merit. In *Boyes v. Sec'y of Health & Human Servs.*, 46

F.3d 510, 512 (6th Cir. 1994), an adult services director of a sheltered employer reported that the plaintiff's productivity was less than half of a typical nonimpaired person. The court noted that a person performing sheltered work may have the necessary skills and ability for substantial gainful employment, but "if a claimant's impairments prevent him from doing 'ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work,' it may be sufficient to show that the claimant is not working at the substantial gainful activity level." *Id.* (quoting 20 C.F.R. § 404.1573(b)). The *Boyes* court found that the plaintiff's past relevant work did not constitute substantial gainful employment, and remanded the case for an award of benefits. *Id.*

Here, O'Neal opined that Genow cannot complete all of her sheltered work duties, and rated Genow as being 60% as productive as other employees in similar positions. [ECF No. 11-6, Tr. 368-69]. In light of the holding of *Boyes*, the ALJ should have considered O'Neal's opinion when determining whether Genow is capable of substantial gainful employment, and the ALJ's failure to do so is not harmless.

The Commissioner points out that O'Neal completed the questionnaire in November 2014, but at the hearing in January 2015, Genow testified that her job duties changed. But Genow testified she

continues to perform her sheltered work with numerous special accommodations. She testified that she previously tore down power chairs, but she stopped because of back and knee pain and was now assembling wires to the motors of those chairs. [ECF No. 11-2, Tr. 76]. Genow said that her co-workers took the motors in and out the box for her because they were too heavy for her to lift, and she performed her work while sitting down. [*Id.*]. She testified that she also removed labels off of prescription boxes. [*Id.*, Tr. 76-77]. And Genow said that she required 20 to 25 minute breaks while sitting in a La-Z-Boy when performing even this limited work. [*Id.*, Tr. 77]. She testified that there were some days that she was in too much pain to report to work and others in which she left early. [*Id.*, Tr. 78]. Genow said that her work shift was from 8:00 to 3:30, and that she was given two breaks and a lunch, but usually took four to five breaks (of ten minutes) and a lunch. [*Id.*, Tr. 79]. This testimony does not support the ALJ's supposition that Genow may have improved after O'Neal rendered her opinion.

Moreover, the Sixth Circuit has emphasized that "[i]n reviewing an ALJ's findings and conclusions, this Court shall not accept appellate counsel's post hoc rationalization for agency action in lieu of accurate reasons and findings enunciated by the Board." *Keeton v. Comm'r of Soc.*

*Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) (internal quotation marks, brackets, and citation omitted). The Commissioner's argument here that O'Neal's opinion might no longer have been applicable constitutes a post hoc rationalization.

For these reasons, this matter should be remanded with an instruction that the ALJ consider O'Neal's opinion.

**B.**

Although the Court finds that this matter should be remanded, Genow's argument that she is entitled to an immediate award of benefits is without merit. Reversing the Commissioner's decision for an immediate award of benefits is appropriate only where "'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits[.]'" *Krupa v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 513, 518 (6th Cir. 2005) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). A judicial award of benefits is proper only if the proof of entitlement to benefits is overwhelming, or the proof of entitlement is strong and evidence to the contrary is lacking. *Faucher*, 17 F.3d at 176; *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Otherwise, the Court must remand for additional explanation and resolution of all essential factual issues. *See Newkirk v. Shalala*, 25 F.3d

13

316, 318 (6th Cir. 1994).

Genow argues in a conclusory manner that proof of disability is overwhelming. [ECF No. 13, PageID 704-05]. Other than arguing that the ALJ erred by omitting consideration of O'Neal's opinion, Genow does not address the evidence cited by the ALJ in support of the decision finding her not disabled. [*See* ECF No. 11-2, Tr. 51-54]. Thus, Genow's argument that she is entitled to an immediate award of benefits should be deemed waived. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.*, 692 F.Supp.2d 762, 774 (E.D.Mich.2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (internal quotation marks and citations omitted)).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Genow's motion [ECF No.13] be **GRANTED IN PART AND DENIED IN PART**; that the Commissioner's motion [ECF No. 15] be **DENIED**; and that the Commissioner's decision be **REMANDED** for further proceedings

consistent with this report and recommendation.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: July 31, 2017

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager